# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                           )
             Respondent, )
                           )
       v. )
                           )
TROY ALLEN FISHER, )
                           )
             Appellant. )
                           )

No. 76736-4-I

DIVISION ONE

UNPUBLISHED

FILED: July 24, 2017

Cox, J. – Troy Allen Fisher argues on appeal that the trial judge abused her discretion in denying his motion to recuse. He fails to establish that the judge violated the provisions of RCW 2.08.180 by hearing the motion after her retirement. Likewise, he fails to establish any violation of the appearance of fairness doctrine. Further, none of the arguments identified in his Statement of Additional Grounds is persuasive. We affirm the judgment and sentence.

The State charged Fisher with first degree murder.[1] At trial, Fisher successfully moved to represent himself and was appointed standby counsel.[2] Fisher waived his jury trial right, and Judge Barbara Johnson heard the ensuing

---

[1] State v. Fisher, 188 Wn. App. 924, 926, 355 P.3d 1188 (2015) (published in part).

[2] Id.

bench trial.[3] She found Fisher guilty of the charged crime.[4] She also found that the State had proven, as an aggravating factor, that Fisher acted with an egregious lack of remorse.[5] The court imposed an exceptional sentence upon Fisher.[6] He appealed.[7]

Division Two of this court affirmed the conviction but reversed the sentence, concluding that the trial court's findings did not justify an aggravated exceptional sentence for egregious lack of remorse.[8] It remanded for resentencing.[9]

Meanwhile, Judge Johnson had retired. She was appointed to resentence Fisher in a pro tempore capacity. Fisher moved twice for her to recuse from resentencing him. Judge Johnson denied both motions. She resentenced him to the top of the standard range.

Fisher appeals.

---

[3] Id.

[4] Id. at 927.

[5] Id.

[6] State v. Fisher, No. 45129-8-II, slip op. (unpublished portion) at 17, https://www.courts.wa.gov/opinions/pdf/D2%2045129-8-II%20Part%20 Published%20Opinion.pdf.

[7] Id.

[8] Id. at 20.

[9] Id. at 23.

## RECUSAL

Fisher appears to argue two bases for recusal. We disagree with both of them.

He first appears to argue that the trial court violated the provisions of RCW 2.08.180, which states when a previously elected superior court judge may hear a pending case after retirement without the written consent of the parties.[10] But in doing so, he fails to persuasively explain why the authorities he cites support his position. And he properly concedes that this resentencing did not present either new issues or new facts.[11] In short, he fails in his burden to show any violation of the statute on which he appears to partially rely for his argument.

He also relies on the appearance of fairness doctrine. Under that doctrine, "'judges should disqualify themselves in a proceeding in which their impartiality might reasonably be questioned.'"[12] The supreme court has "characterized a judge's failure to recuse himself or herself when required to do so by the judicial canons as a violation of the appearance of fairness doctrine."[13]

The party moving for recusal bears the burden to present "evidence of a judge's . . . actual or potential bias."[14] If that party presents such evidence, we

---

[10] Opening Brief of Appellant at 7-9.

[11] Id. at 9.

[12] State v. Gentry, 183 Wn.2d 749, 761-62, 356 P.3d 714 (2015).

[13] State v. C.B., 195 Wn. App. 528, 545, 380 P.3d 626 (2016); see State v. Post, 118 Wn.2d 596, 619 n.9, 826 P.2d 172, 837 P.2d 599 (1992).

[14] C.B., 195 Wn. App. at 545.

ask whether a "'reasonable person [that] knows and understands all the relevant facts'" would question the judge's impartiality.[15]

We review for abuse of discretion a trial judge's decision not to recuse herself.[16]

Code of Judicial Conduct Rule 2.11(A)(1) requires that a judge disqualify herself when, in relevant part, she has "a personal bias or prejudice concerning a party or a party's lawyer." Notably, the supreme court held in State v. Belgarde that remand upon reversal to the same judge creates no presumption of unfairness or the appearance of unfairness.[17] Neither does the mere fact that a defendant may "disagree[] with the court's rulings."[18]

Here, Fisher contends that it would appear unfair for Judge Johnson to resentence him because she had ruled several times against him in trial motions, allegedly failed to address his motions in April 2013, gave him an ultimately reversed sentence, and because he filed a judicial complaint against her. He fails in his burden to show either actual or potential bias.

Regarding the trial court's earlier motion rulings, Fisher fails to argue how any of these made Judge Johnson appear unfair. As noted above, Fisher cannot

---

[15] Gentry, 183 Wn.2d at 762 (quoting Sherman v. State, 128 Wn.2d 164, 206, 905 P.2d 355 (1995)).

[16] Id. at 761.

[17] 119 Wn.2d 711, 717-18, 837 P.2d 599 (1992).

[18] State v. Palmer, 5 Wn. App. 405, 411, 487 P.2d 627 (1971).

4

show the trial judge was biased solely because she entered orders with which he disagreed.[19]

Regarding the alleged failure to address certain motions in April 2013, Fisher points to no such motions in the record or any other evidence showing that they went unaddressed.[20] Thus, this contention is without support in this record.

Fisher's contention that the appellate court's reversal and remand necessarily caused Judge Johnson to be biased is also unpersuasive. The supreme court has already held that a reversal does not necessarily show this.[21]

Lastly, regarding Fisher's judicial complaint against the trial court, Fisher fails to cite authority holding that this would make the trial court appear unfair.[22]

Fisher also argues that the trial court "addressed only the issue of actual prejudice and did not evaluate the motion in terms of perceived bias or the appearance of fairness." Not so.

Here, Fisher alleged that Judge Johnson was actually prejudiced against him in his motions for her recusal. And in deciding the matter, Judge Johnson considered the various reasons for which Fisher argued she should recuse herself. She expressed understanding why a defendant might prefer a different

---

[19] See id.

[20] See Shelcon Const. Grp., LLC v. Haymond, 187 Wn. App. 878, 889, 351 P.3d 895 (2015); RAP 10.3(a)(6).

[21] Belgarde, 119 Wn.2d at 717-18.

[22] See Darkenwald v. Emp't Sec. Dep't, 183 Wn.2d 237, 248, 350 P.3d 647 (2015); RAP 10.3(a)(6).

judge on resentencing. And she specifically considered whether remand made her appear biased. Thus, she considered the alleged grounds for actual prejudice as well as the appearance of bias. Even if she did not explicitly mention the appearance of unfairness, her comments substantively addressed this concern.

Fisher fails in this respect to show any abuse of discretion in denying his motion.

## STATEMENT OF ADDITIONAL GROUNDS

Fisher also makes fourteen arguments in his Statement of Additional Grounds. None is persuasive.

Fisher's fourth, eighth, twelfth, thirteenth, and fourteenth arguments include only conclusory legal phrases. We do not address these arguments.[23]

Fisher's fifth and sixth arguments concern whether Judge Johnson could hear his case on resentencing. In his fifth argument, he argues that Judge Johnson was not impartial. And in his sixth argument, he contends that Judge Johnson could not hear this argument on a pro tempore basis. We resolved these arguments in the previous part of this opinion.

Fisher also contends in his fifth argument that the State failed to prove its standing to prosecute. But he provides no authority requiring the State to do so.[24] Thus, this argument is unpersuasive.

---

[23] See RAP 10.10(c); In re Det. of Rushton, 190 Wn. App. 358, 373, 359 P.3d 935 (2015).

[24] See Darkenwald, 183 Wn.2d at 248; RAP 10.3(a)(6).

6

Fisher's tenth argument is impossible to understand. It is entitled "Brady Violations" but does not substantively address that. We do not address this further.

### Ineffective Assistance of Counsel

Fisher's first, third, seventh, and eleventh arguments contend that his various attorneys provided constitutionally ineffective assistance. We address these arguments together and disagree with all of them.

The defendant demonstrates the ineffectiveness of his counsel by meeting a two-part burden. He must first show that counsel's performance was unreasonably ineffective and, second, that such ineffectiveness prejudiced the results of his case.[25] Because he must meet both elements, we need not address both if either is found wanting.[26]

The defendant shows that his counsel's representation "fell below an objective standard of reasonableness" based on the relevant circumstances and the "prevailing professional norms."[27] So long as the representation was reasonable, we neither "interfere with the constitutionally protected independence of counsel [nor] restrict the wide latitude counsel must have in making tactical decisions."[28] The defendant can overcome that presumption by showing "there is

---

[25] Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[26] Id. at 697.

[27] Id. at 688.

[28] Id. at 689.

no conceivable legitimate tactic explaining counsel's performance."[29] But the defendant must show this or any other deficiency based on the record established in the proceedings below.[30]

Determining whether counsel provided ineffective assistance is a mixed question of law and fact.[31] We review de novo whether a defendant received ineffective assistance of counsel.[32]

In each challenge, Fisher fails to satisfy the first element of this test and thus we need not consider the second, regarding prejudice.

In his first argument, Fisher contends that his appellate attorney in this case provided ineffective assistance by failing to communicate for certain durations of time. But he demonstrates nowhere on the record that these alleged delays were unreasonable given the prevailing professional norms.

In his third argument, Fisher argues that his previous appellate attorney provided ineffective assistance because he incorrectly stated in his brief that a piece of carpet was found at Fisher's friend's house. But he fails to indicate anything in the record showing that this statement was incorrect. Thus, he cannot demonstrate his previous appellate attorney acted unreasonably.

---

[29] State v. Carson, 184 Wn.2d 207, 218, 357 P.3d 1064 (2015).

[30] State v. McFarland, 127 Wn.2d 322, 337, 899 P.2d 1251 (1995).

[31] State v. Jones, 183 Wn.2d 327, 338, 352 P.3d 776 (2015).

[32] Id.; State v. Cross, 156 Wn.2d 580, 605, 132 P.3d 80 (2006).

In his seventh argument, Fisher contends that his resentencing counsel provided ineffective assistance by failing to "object to many issues," argue that Judge Johnson was not impartial, or submit certain motions. We disagree.

Here, Fisher fails to identify these allegedly objectionable issues. The record shows that resentencing counsel did argue that Judge Johnson was not impartial. And Fisher fails to identify the motions his counsel allegedly failed to submit in the record or explain why counsel may not have made a legitimate strategic decision not to submit them. Thus, he cannot satisfy the first element.

Fisher's eleventh argument contends that his standby counsel at his trial, provided ineffective assistance by coercing him to accept a plea deal. But he fails to identify evidence in the record substantiating the conduct he alleges.[33]

### Access to the Courts

Fisher's second and ninth arguments concern his access to the courts. In his second argument, he argues that Division Two of this court impaired his access to the courts by failing to notify him of the status of certain motions. We disagree.

Fisher fails either to identify these motions or his correspondence to Division Two in the record. And he fails to identify any authority entitling him to notice under these circumstances.[34]

---

[33] See RAP 10.10(c).

[34] Id.

In his ninth argument, Fisher argues he was denied access to the courts because his law library does not have certain legal texts. We disagree.

Prisoners have certain constitutional rights to access a reasonably adequate law library.[35] But Fisher's argument would require us to consider facts not in this record. The appropriate vehicle to bring such evidence is a personal restraint petition, not this appeal.[36]

We affirm the judgment and sentence.

_Cox, J_

WE CONCUR:

---

[35] Bounds v. Smith, 430 U.S. 817, 829, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977).

[36] See RAP 16.4(c)(3); State v. Bates, 196 Wn. App. 65, 78, 383 P.3d 529 (2016), review denied, 188 Wn.2d 1008 (2017).